**Eva Juanita Roberts, Appellee, v. John Benjamin Roberts, Appellant.**

**Gen. No. 46,792.**

First District, First Division.

June 21, 1956.

Released for publication September 12, 1956.

Bernice Z. Leaner, and R. Eugene Pincham, both of Chicago, for appellant. R. Eugene Pincham, of Chicago, of counsel.

Prescott, Burroughs, Taylor & Carey, of Chicago, for appellee; Euclid Louis Taylor, Samuel L. Patterson, and Howard T. Savage, all of Chicago, of counsel.

PRESIDING JUSTICE FRIEND delivered the opinion of the court.

On June 9, 1954 the plaintiff, Eva Roberts, obtained a decree for divorce from the defendant, John Roberts, in the District Court of Lancaster county, Nebraska, by the terms of which plaintiff was awarded the custody of three minor children, and defendant was ordered to pay $100 per month for their support. The parties had entered into a property settlement, the terms of which were approved by the court and incorporated in the decree. Plaintiff received a piece of property in Lancaster county, Nebraska, certain household goods and personal effects then in her possession. The agreement recited, and the court found, that the defendant had admitted liability on, agreed to pay, and covenanted to hold plaintiff harmless to the extent of, $890 on indebtedness incurred during their marriage, with direction that unless defendant paid this amount within six months plaintiff should have judgment against him. The decree also provided that unless it was vacated or modified it was to become final within six months without any further order of court, as provided by the law of Nebraska.

Thereafter, on January 18, 1955, plaintiff filed her complaint in chancery in the Superior Court of Cook county to enforce the Nebraska decree; in her complaint she recited the provisions thereof and alleged that defendant had become and was then a resident of the City of Chicago, county of Cook, State of Illinois; that he was gainfully self-employed but had wilfully

87

refused to comply with the terms of the decree and was then in arrears in the sum of $600 for child support, as well as the sum of $890 for which judgment had been entered, making a total arrearage of $1,490. Attached to her complaint was an exemplified copy of the Nebraska decree.

On March 16, 1955 plaintiff filed in the Superior Court her written motion for child support and attorneys' fees, predicated upon the Nebraska decree, alleging that defendant was served with summons and had entered his appearance by counsel. She realleged the provisions of the Nebraska decree, defendant's gainful self-employment, and his refusal or failure to pay his arrearages for child support and the $890 judgment. In the order entered on plaintiff's motion for child support and attorneys' fees, the Superior Court found that the Nebraska decree was in full force and effect, that "the same is hereby adopted as a decree of the Superior Court of Cook County, Illinois, and shall be enforced by equitable remedies as though originally entered in this State"; that defendant pay plaintiff, as and for child support, the sum of $100 per month; that judgment be entered in favor of plaintiff and against defendant in the sum of $890, and that execution issue therefor; and that defendant pay to plaintiff's attorney as fees the sum of $150 within thirty, sixty, ninety days, respectively.

Subsequently, on May 2, 1955, defendant filed a petition asking leave to withdraw his answer to the complaint filed on January 18, 1955, and to dismiss the complaint for the reason that the decree of divorce upon which the complaint was based and sought to be enforced was invalid for lack of jurisdiction of the court to adopt the decree of a sister state and to enforce it by equitable remedies as though said decree was originally entered in Cook county. He challenged the jurisdiction of the court requiring him to pay $100 per month for child support, as well as attorneys' fees,

and at the same time filed a motion to dismiss plaintiff's petition for a rule to show cause on like jurisdictional grounds.

Later, on June 7, 1955, the Superior Court ordered a writ of attachment against defendant for contempt of court for his failure to comply with the order theretofore entered by the court directing him to pay child support, attorneys' fees and other indebtedness. Defendant perfected his appeal from the decree entered. Thereafter the chancellor ordered him to pay plaintiff's legal fees and suit money on appeal. He appeals from these several orders.

The principal question presented is whether an Illinois court has the power, once the decree of a sister state has been adopted, to enforce its provisions by equitable means. Defendant takes the position that the court has no such power and relies primarily on Clubb v. Clubb (1949) 402 Ill. 390, and Tailby v. Tailby (1951) 342 Ill. App. 664. In the Clubb case, plaintiff, the wife, was granted the divorce in London, England, in 1929. The decree required defendant to pay alimony during their joint lives or until further order of court. Through subsequent garnishment proceedings plaintiff received the cash surrender value of a policy of insurance upon defendant's life, which amount was applied upon the alimony. No further sum had been received or credited thereon. While the divorce proceeding was pending and before decree, defendant was sent by his employer from London to Chicago, then to Australia, and ultimately back to Chicago. In 1943 plaintiff filed suit in chancery in the Superior Court of Cook County, based on the English decree, in which she prayed for judgment for the unpaid alimony, with interest, and unpaid attorneys' fees and costs. In that suit she procured a judgment for $44,764. Execution issued thereon, and was returned no property found and no part satisfied. Thereupon plaintiff filed her petition in the Superior Court for a rule on defendant to

show cause why he should not be held in contempt for failure to comply with the provisions of the decree. The chancellor dismissed the petition for want of equity. The Illinois Supreme Court affirmed the order. Defendant contended that the English decree for the payment of money could be sued upon only as a debt and an ordinary judgment obtained as at law; that the law afforded an adequate remedy, that equity had no jurisdiction; and that the Superior Court had no power to enforce either the English decree or its decree based thereon, except as ordinary judgments are enforced; that contempt is not proper under any rule of comity; and that the full-faith-and-credit clause of section 1 of article IV of the United States Constitution does not apply to a judgment or a decree of a foreign country. Plaintiff, on the other hand, maintained that the decree in the Superior Court was for alimony, and that the court had power, under the rule of comity, to enter and to hold defendant in contempt for failure to pay the judgment entered; that contempt for failure to pay is justified by section 42 of the Chancery Act (Ill. Rev. Stat. 1947, ch. 22, par. 42) ; and that the power to hold defendant in contempt was also justified by the inherent power vested in a court of chancery to compel obedience to its decree. After reviewing numerous cases dealing with the subject, the Supreme Court pointed out that in practically every case cited by plaintiff, where a judgment or decree of a sister state had been enforced, the local court had first established the judgment as its judgment or decree, whereas in the Clubb proceeding plaintiff requested only a judgment based upon arrears in alimony payments but did not ask that the English judgment be established in Cook county as a foreign judgment to be enforced in equity. The court held that section 42 of the Chancery Act does not authorize the enforcement of a decree based upon the judgment of a foreign country but was ap-

90

plicable only to judgments of the states of the union, and also that the rule of comity between nations would justify, but would not require, local courts to enforce a foreign decree for alimony where no local law exists granting power to our chancery courts for that purpose. Having concluded that there was no statute conferring specific authority on courts of equity to enforce decrees of a foreign country, the Supreme Court proceeded to consider whether, under its general powers, a court of equity might assume such jurisdiction, and concluded by holding that in the absence of statutory authority "it would not be just for us through claimed comity or alleged general powers to allow enforcement by our equity courts, through civil contempt, of a decree of a foreign country for the payment of alimony to one of its subjects. In our opinion comity does not require us to go that far." The Clubb case can be readily distinguished from the case here under consideration since in that case plaintiff had not asked that the English decree be adopted as a decree of the Illinois court, and, further, the Clubb case involved an action for the enforcement of a foreign decree, as differentiated from the decree of a sister state.

In the Tailby case, decided two years after Clubb v. Clubb, a complaint was filed in the Circuit Court of Shelby county, Illinois, by plaintiff, the wife, against defendant, her former husband, to obtain a judgment for the amount of accrued and unpaid alimony and solicitor's fees alleged to be due her under a New York court decree, and asking that such decree for alimony and solicitor's fees be established as a foreign judgment and enforced by appropriate equitable remedies. Relying principally upon the Clubb case, the Appellate Court held that, in the absence of any specific statutory authority for courts of equity in this state to enforce through civil contempt divorce decrees of another state, the trial court properly refused to provide such relief, and the reviewing court accordingly affirmed the

judgment of the chancellor. We do not think the Clubb case is decisive of the question presented in either Tailby v. Tailby or in the instant proceeding for the distinguishing reasons heretofore indicated. In the Clubb case the Supreme Court did not hold, as the opinion in the Tailby case would indicate, that an Illinois court has no power to adopt and enforce, by equitable means, a divorce decree of a sister state.

As pointed out in the Clubb case, comity does not require an Illinois court to enforce a decree of a foreign country for the payment of alimony to one of its subjects, nor does the full-faith-and-credit clause of the Federal Constitution require an Illinois court to recognize or enforce the decree of a foreign country; but there can be no doubt that it does require the Illinois courts to recognize and enforce the decree of a sister state. Upon the basis of this constitutional provision, the Superior Court of Cook county had authority and jurisdiction to adopt the decree of a sister state as its own, as was done in the instant proceeding, and, once adopted, to enforce it according to Illinois law.

The United States Supreme Court has passed on this question; in Sistare v. Sistare (1909) 218 U. S. 1, it held that although the full-faith-and-credit clause may not extend to mere modes of procedure, a judgment absolute in terms and enforcible in the state where rendered must, under the full-faith-and-credit clause of the Federal Constitution, be enforced by the courts of another state, even though the modes of procedure to enforce its collection may not be the same in both states.

Rule v. Rule, 313 Ill. App. 108, decided in 1942, is a well-reasoned case and precisely in point. In that proceeding a decree of divorce was entered in Nevada requiring defendant, the husband, to pay alimony in weekly installments, and also support money for the minor children. Subsequently, plaintiff filed a complaint in Knox county, Illinois, where defendant had

gone to maintain his residence; in her complaint she asked that judgment be entered for the amount of accrued unpaid alimony and for all future monthly payments as well, as they became due, in accordance with the provisions of the Nevada decree, and prayed further that the Nevada decree be established in Illinois as a foreign judgment and enforced by appropriate equitable remedies. The reviewing court pointed out that the question presented had not previously been passed upon by the Supreme Court or by the Appellate Court in this state, and that the decisions in other jurisdictions were not in harmony. After reviewing numerous decisions on the question, the Appellate Court adopted that rule which, as it said, "best conforms to the principles of equity," and tends to the furtherance of justice. It held that the Nevada decree should be given full faith and credit, that the provisions thereof for the payment of alimony and support of minor children should be adopted and confirmed as the basis for a decree, the same as if originally entered in Illinois, and enforced by equitable remedies. The basis for the decision in the Rule case was that a decree for alimony represents more than a debt; that it is founded on the obligation of a husband to support his wife and children, which is a matter of public concern, whether the cause of action arises in the state where the decree was originally rendered, or in another to which the parties have moved; that the urgency for its effective enforcement is equally as great in one state as in another; and that therefore it should be enforced by the same remedies as are applicable to domestic decrees for alimony.

The earlier case of Fanchier v. Gammill (1927) 148 Miss. 723, 114 So. 813, is discussed and quoted at length in the Rule case. It affords a sound basis for support of the rule that an Illinois court has the power, once the decree of a sister state has been adopted, to enforce its provisions by equitable means, and since,

as we have indicated, there appears to be nothing in the Clubb decision which would require us to hold otherwise, we adopt what appears to us as the sounder reasoning of the Rule and Fanchier opinions.

The remaining question, whether the court was authorized in ordering defendant to pay plaintiff's attorney's fees and suit money, was decided adversely to the contentions of defendant in Buehler v. Buehler (Abst.), 318 Ill. App. 640.

For the reasons indicated, the decree and orders of the Superior Court are affirmed.

Decree and orders affirmed.

NIEMEYER and BURKE, JJ., concur.