*In re* MARRIAGE OF MARY ANN MULLINS, Petitioner-Appellee, and ROBERT EDWARD MULLINS, JR., Respondent-Appellant.

Fourth District   No. 4—84—0910

Opinion filed July 18, 1985.

Don C. Hammer, of Hayes, Schneider, Hammer & Miles, of Bloomington, for appellant.

John Naylor, of Naylor, Mueller & Willard, of Bloomington, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On September 24, 1982, petitioner, Mary Ann Mullins, filed a petition in the circuit court of McLean County against respondent, Robert Edward Mullins, Jr., requesting that a decree of the Court of Session, Scotland, divorcing the parties be "established and registered in the Eleventh Judicial Circuit, McLean County." On November 3, 1982, respondent, by his attorney, filed a response to the petition requesting that registration be restricted to the decree of divorce. Respondent also requested that his visitation rights be determined. On November 23, 1982, the court entered an order stating that it allowed the prayer of the petition and awarding the custody of the children of the parties to petitioner. On December 30, 1982, the court entered an order on oral stipulation which purported to provide for visitation of respondent with the children. That decree also contained a provision concerning child support. We shall discuss the significance of that provision later.

On November 8, 1983, petitioner filed a document entitled "Petition to Modify Judgment." It alleged that circumstances had changed since "the time of the original judgment in this cause" and requested that respondent be required to pay a reasonable sum to support the minor children. On December 20, 1983, respondent, appearing by new counsel, filed a special and limited appearance contending that the circuit court lacked jurisdiction of his person and of the subject matter of the case. On July 27, 1984, the court "overruled" the special and limited appearance and ordered respondent to plead. Respondent made no other appearance. After allowing a motion by petitioner to amend, the court entered a judgment on December 13, 1984, requiring respondent to pay petitioner $3,600 per month as child support and for educational expenses for their oldest child. The court also ordered respondent to be responsible for all educational expenses of the other children. Respondent has appealed.

Respondent contends that the order appealed from was void because the court lacked both subject matter jurisdiction and jurisdiction of his person. He also maintains that the order was in error because

section 505(a) of the Illinois Marriage and Dissolution of Marriage Act (IMDMA) (Ill. Rev. Stat. 1983, ch. 40, par. 505(a)), under which the court purported to require him to pay a certain percentage of his income for support, is (1) unconstitutional, and (2) improperly applied.

In considering the validity and propriety of the December 13, 1984, judgment, we must examine those of (1) November 23, 1982, purporting to register the Scottish decree, and (2) December 30, 1982, providing for custody and visitation and containing a reference to the support obligations of respondent.

■ We agree with respondent that the judgment of November 23, 1982, purporting to register the Scottish decree is void because the circuit court lacked subject matter jurisdiction to register the judgment. Under article VI, section 9, of the Illinois Constitution of 1970, circuit courts "have original jurisdiction of all justiciable matters" with minor exceptions. The registration and enforcement of a judgment of a foreign country in a matrimonial matter is not a "justiciable matter." There was no cause of action to do so at common law (*Clubb v. Clubb* (1949), 402 Ill. 390, 84 N.E.2d 366) and no statute has created one. Neither full faith and credit or comity require us to have such a cause of action because a matrimonial judgment of a foreign country is entitled, as a matter of right, to neither full faith and credit (*Clubb v. Clubb* (1949), 402 Ill. 390, 84 N.E.2d 366) nor comity (*Roberts v. Roberts* (1956), 11 Ill. App. 2d 86, 136 N.E.2d 590) in Illinois.

■ Part 6 of article XII of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 12–601 *et seq.*) concerns the registration and enforcement of "Foreign Judgments." Section 12–601(a) defines "Foreign Judgment" as one "of the United States or of any State or territory which is entitled to full faith and credit in this state." As we have stated, a matrimonial judgment of a foreign nation is not entitled to full credit in Illinois. (*Clubb v. Clubb* (1949), 402 Ill. 390, 84 N.E.2d 366.) Section 12–618(b) of the Uniform Foreign Money-Judgments Recognition Act (Ill. Rev. Stat. 1981, ch. 110, par. 12–618(b)) specifically excludes a judgment for "support in matrimonial or family matters" from the scope of that Act. Most importantly, section 511 of IMDMA provides for enforcement of any type of a dissolution judgment of another State, but IMDMA has no provision for enforcement of such a judgment of another country.

■ The lack of jurisdiction of the circuit court to register the Scottish decree did not preclude the court from entering a valid custody order pursuant to the provisions of section 4 of the Uniform Child Custody Jurisdiction Act (UCCJA) (Ill. Rev. Stat. 1981, ch. 40,

par. 2104) upon the request in respondent's response and the personal appearance of petitioner and respondent. The parties do not dispute the validity of the order of December 30, 1982, as far as its provisions concerning visitation and custody are concerned. Petitioner maintains that the seventh and final paragraph of that order constituted a valid agreed order requiring respondent to pay support in accordance with the terms of the existing decree of the Scottish court. Respondent contends that the seventh paragraph merely evidenced an intention that the jurisdiction of the Scottish court would continue to prevail as far as determination of support is concerned.

The seventh paragraph stated:

"That child support shall be paid by Respondent to Petitioner in accordance with the decrees and Orders of the Court in Scotland in the proceeding between the Petitioner and Respondent."

The use of the words "decrees and Orders" in the plural negates an inference that the court intended to enter a support order the terms of which incorporated, by reference, the existing order of the foreign court. The record indicates that the then existing support requirements were contained in a single order. Accordingly, the reference to several judgments indicates an intention that the terms of the required support were intended to be governed by the existing and future requirements of the "Court in Scotland." The circuit court had no power to enter a support order which would change upon the entry of the decree of the court of another nation. We conclude that neither the court nor the parties intended to attempt such an order. Rather, the intent was to indicate that the jurisdiction of the Scottish court was to prevail on the matter of support.

Upon the personal appearance of the respondent, and if the matter was properly raised, the circuit court could have entered a valid support order against respondent under either (1) its inherent chancery power to order support of minors (*Skilling v. Skilling* (1982), 104 Ill. App. 3d 213, 432 N.E.2d 881; *Zalduendo v. Zalduendo* (1977), 45 Ill. App. 3d 849, 360 N.E.2d 386); or (2) the combined effect of sections 601(a) and 505 of IMDMA (Ill. Rev. Stat. 1981, ch. 40, pars. 601(a), 505). We need not decide whether a request to do so was necessary or properly before the circuit court when it entered the December 30, 1982, judgment making reference to the "decrees and Orders" of the Scottish court because of our conclusion that no order for support was contained in that judgment.

Because of the failure of either the November 23, 1982, or the December 30, 1982, judgments to impose a valid support obligation on

respondent, there was no valid support order to be modified by the circuit court pursuant to petitioner's November 8, 1983, petition. For that reason alone, the December 13, 1984, judgment purporting to do so must be reversed.

■ The December 13, 1984, judgment was in error, if not void, for another reason. Section 511(a) of IMDMA (Ill. Rev. Stat. 1983, ch. 40, par. 511(a)) requires that notice to a party respondent to a petition to modify a marital judgment must be given either (1) by mailing to the respondent's last known address, or (2) by summons. The only notice given here was to respondent's then attorney of record. (See *Siegel v. Siegel* (1979), 80 Ill. App. 3d 583, 400 N.E.2d 6, *modified on other grounds* (1981), 84 Ill. 2d 212, 417 N.E.2d 1312.) The only appearance made by respondent was on special and limited appearance. The impropriety of the notice was not waived.

Consideration of the other issues raised is neither necessary nor proper. Accordingly, we reverse the judgment of December 13, 1984, from which appeal has been taken.

Reversed.

WEBBER and MORTHLAND, JJ., concur.