*In re* MARRIAGE OF PARASKEVAS AGATHOS, Petitioner-Appellee, and DIAMONDO BAKATSELOS, f/k/a Diamondo Agathos, Respondent-Appellant.

First District (3rd Division)   No. 1—89—1020

Opinion filed January 24, 1990.

Block, Levy & Associates, of Chicago (Alvin W. Block and Carolyn M. Schiess, of counsel), for appellant.

Nicholas C. Syregelas, of Chicago, for appellee.

JUSTICE WHITE delivered the opinion of the court:

This is an appeal, pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)), from the circuit court's orders registering two foreign-country custody orders. We find that this registration was erroneously granted and therefore reverse and remand for further proceedings.

This action began on December 30, 1988, when petitioner, Paraskevas Agathos, filed a two-count petition in the domestic relations division of the circuit court of Cook County. Petitioner alleged that he and respondent, Diamondo Bakatselos, had, on February 26, 1988, obtained a Greek divorce decree granting custody of their minor child to respondent, but granting petitioner a right of visitation with the child every Saturday. Petitioner alleged that in April 1988 respondent secretly took the child to America, depriving petitioner of his visitation rights. Petitioner then obtained from the Greek court on November 7, 1988, an *ex parte* order granting him temporary custody of their child. Petitioner also alleged that he had traced respondent and their child to Chicago on November 14, 1988. Certified copies of

the Greek orders, together with translations of those orders, were attached to the petition.

Petitioner sought relief in two counts. In count I he sought "registration" of the Greek orders. In count II he sought injunctive relief to restrain respondent from removing their child from the jurisdiction, and he also sought custody of the child. On February 3, 1989, the circuit court entered an order which, *inter alia*, registered the Greek orders pursuant to section 12—603 of the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1987, ch. 110, par. 12—603) and granted respondent leave to respond to those orders as well as to respond to count II. On April 7, 1989, the circuit court entered an order denying respondent's motion to vacate the previous order of registration, recognizing and granting comity to those orders, and finding that in granting comity the court had no further subject matter jurisdiction to modify those orders. The court also made the Rule 304(a) finding that there was no just reason to delay enforcement or appeal of the order. Respondent now appeals from that order and from those portions of the February 3, 1989, order pertaining to count 1.

Respondent maintains that the court erred in registering the Greek orders pursuant to the Uniform Enforcement of Foreign Judgments Act (UEFJA) (Ill. Rev. Stat. 1987, ch. 110, pars. 12—601 to 12—617). She also contends that under Illinois case law the doctrine of comity does not permit recognition of divorce decrees of foreign countries. Petitioner has abandoned reliance on either of these bases to support the circuit court's actions, relying instead on the authority of the Uniform Child Custody Jurisdiction Act (UCCJA) (Ill. Rev. Stat. 1987, ch. 40, par. 2101 *et seq.*).

■■ ■ Clearly the trial court erred in basing its registration of these decrees on the UEFJA. Judgments of foreign countries cannot be registered under that act. (*Zalduendo v. Zalduendo* (1977), 45 Ill. App. 3d 849, 360 N.E.2d 386.) Illinois case law also supports respondent's contention that the circuit court's reliance on comity was misplaced. Illinois courts have long held that comity cannot be the basis for enforcement of foreign countries' matrimonial judgments. *Clubb v. Clubb* (1949), 402 Ill. 390, 84 N.E.2d 366; *Hager v. Hager* (1971) 1 Ill. App. 3d 1047, 274 N.E.2d 157; *In re Marriage of Mullins* (1985), 135 Ill. App. 3d 279, 481 N.E.2d 322.

■ As petitioner now concedes, the appropriate authority for registering or filing the Greek orders in Illinois was the UCCJA. Section 16 of that act provides for filing certified copies of the custody judgments of other States with the clerk of the circuit court. Judgments

so filed are to have the same effect as custody judgments rendered by Illinois courts. (Ill. Rev. Stat. 1987, ch. 40, par. 2116.) Section 24 provides:

"The general policies of this Act extend to the international area. The provisions of this Act relating to the recognition and enforcement of custody judgments of other states apply to custody judgments and judgments involving legal institutions similar in nature to custody institutions rendered by appropriate authorities of other nations if reasonable notice and opportunity to be heard were given to all affected persons." Ill. Rev. Stat. 1987, ch. 40, par. 2124.

■■ Implicit in this latter provision is the requirement that an opposing party have the opportunity to contest the foreign judgment on the grounds that the legal institutions involved were not similar to those of the United States or that reasonable notice and the opportunity to be heard were not provided in that foreign proceeding. Respondent was not given the opportunity to raise such objections because the circuit court was not relying on this act. Indeed, in written arguments to the circuit court petitioner erroneously informed the court that the UCCJA did not apply to foreign country judgments. The circuit court's February 3, 1989, order also erroneously specified that the court had no further jurisdiction to modify the Greek orders. In fact, under the UCCJA prior judgments by other courts may be modified if certain criteria are met. Ill. Rev. Stat. 1987, ch. 40, par. 2104.

■■ Accordingly, because the circuit court's registration and recognition of the Greek orders were not based upon the appropriate statutory authority, because respondent has not yet been given the opportunity to contest this registration and recognition under the standards of the UCCJA, and because the circuit court erroneously deprived itself of further jurisdiction, we reverse and remand for further proceedings.

The orders of the circuit court of Cook County, purporting to register and recognize the orders of the Greek court, are reversed and the cause remanded for further proceedings.

Reversed and remanded for further proceedings.

CERDA, P.J., and FREEMAN, J., concur.