# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*In re Marriage of Murugesh*, 2013 IL App (3d) 110228

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF DEEPALAKSHMI MURUGESH, Petitioner-Appellee, and MURUGESH KASILINGAM, Respondent-Appellant. |
| District & No. | Third District<br>Docket No. 3-11-0228 |
| Filed<br>Rehearing denied | August 8, 2013<br>September 9, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The certified question as to whether the Illinois action filed by the wife of a couple who were citizens and domiciliaries of India and were married in India, but lived in Illinois, should be dismissed pursuant to section 2-619(a)(3) of the Code of Civil Procedure because the husband filed a divorce action before the wife filed her action or pursuant to the doctrine of *forum non conveniens*, principles of comity or Illinois's policy of avoiding duplicative litigation was answered in the negative, since section 2-619(a)(3) should not be used to dismiss an Illinois action in favor of an Indian action, the relevant factors did not favor a dismissal under the *forum non conveniens* doctrine, Illinois's legitimate and substantial relationship to the action precluded dismissal pursuant to the principles of comity, and nothing in the policy of avoiding duplicative actions required dismissal of the wife's petition in favor of the husband's Indian action. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 09-D-452; the Hon. Robert P. Brumund, Judge, presiding. |
| Judgment | Certified question answered. |

| | |
|---|---|
| Counsel on<br>Appeal | Sarane C. Siewerth and Shannon R. Burke (argued), both of Schiller, DuCanto & Fleck LLP, of Chicago, and Timothy M. Daw, of Schiller, DuCanto & Fleck LLP, of Wheaton, for appellant. |
| | Jared B. Pinkus, Howard A. London (argued), and Katherine A. Grosh, all of Beermann Pritikin Mirabelli Swerdlove LLP, of Chicago, for appellee. |
| Panel | JUSTICE LYTTON delivered the judgment of the court, with opinion.<br>Justice Carter concurred in the judgment and opinion.<br>Justice McDade specially concurred, with opinion. |

**OPINION**

¶ 1    Petitioner Deepalakshmi Murugesh (Deepa) and Murugesh Kasilingam (Murugesh) were married in India in early 1999. By September 1999, both parties were living in Illinois. In March 2009, Murugesh filed a petition for dissolution of marriage in India. Two days later, Deepa filed a petition for dissolution of marriage in Illinois. Murugesh filed a motion to dismiss Deepa's petition for dissolution. The trial court denied the motion and certified a question for appeal. Murugesh filed a petition for interlocutory appeal, seeking an answer to the certified question. We answer the certified question in the negative.

¶ 2                                   FACTS

¶ 3    Murugesh and Deepa are citizens of India. In 1997, Murugesh came to the United States and started a company in Illinois. Murugesh and Deepa were married in India in January 1999, under the Hindu Marriage Act No. 25 of 1955. The marriage was solemnized in India on August 22, 1999. In September 1999, Deepa moved to Illinois with Murugesh. One year later, Murugesh and Deepa had a child. The child was born in Illinois and has resided in Illinois since her birth.

¶ 4    In 2008 and 2009, Deepa spent extended periods in India. According to Murugesh, during these periods, Deepa was living with another man and holding herself out as his wife. Deepa returned to Illinois on March 10, 2009.

¶ 5    On March 14, 2009, Murugesh filed a petition under the Hindu Marriage Act, seeking dissolution of his marriage to Deepa. The petition alleged that Deepa committed adultery and mental cruelty. Two days later, Deepa filed a petition for dissolution of marriage in Will County, Illinois, alleging irreconcilable differences and mental cruelty. In April 2009, Murugesh filed a motion to dismiss the Illinois divorce proceeding, pursuant to section 2-

619(a)(3) of the Illinois Code of Civil Procedure (735 ILCS 5/2-619(a)(3) (West 2010)), arguing that a divorce action was already pending in India.

¶ 6     The trial court held a hearing on Murugesh's motion to dismiss. At the hearing, Murugesh testified that he owns two businesses in Illinois. He also claimed an ownership interest in a business in India but said that he receives no income from it. Murugesh testified that he and Deepa have $400,000 worth of jewelry in a safe deposit box in India. He also testified that he paid an advance for a vacant lot in India on which he and Deepa planned to build a home. Murugesh testified that he did not have any documentation with respect to that property because it was purchased through his father with "black money."

¶ 7     Deepa testified that except for one bank account with a nominal balance and a safe deposit box containing jewelry, all of the couple's assets are located in Illinois, including Murugesh's businesses, the couples' primary bank accounts, their personal property, and their marital residence. She testified that she did not own any land in India.

¶ 8     Since Murugesh filed his divorce action, neither he nor Deepa has been back to India. Murugesh's parents instituted two criminal actions against Deepa for adultery and filed a charge of attempted assault against Deepa and her parents. If Deepa were to return to India and be convicted of adultery, she could face up to two years in prison.[1]

¶ 9     In the Indian divorce action, Murugesh never personally appeared; rather, his father appeared by proxy on his behalf. In an affidavit submitted to the Indian court, Murugesh explained that he would be unable to appear in court in India because he was "preoccupied" with "running a software business in the United States." Deepa's father participated in the Indian divorce action on her behalf. Murugesh's father lives in the city where Murugesh filed his divorce action, while Deepa's father lives nearly 200 miles away. It takes him five to seven hours to travel that distance by car or train.

¶ 10    In March 2011, the trial court denied Murugesh's motion to dismiss the Illinois proceeding. In its oral ruling, the court found that (1) neither of the parties has been in India since Murugesh filed his petition, (2) all of the proceedings in India have been by proxy, (3) except for brief periods of time since August 1999, the parties have resided in Illinois, (4) the parties' only child was born in Illinois and is a citizen of the United States, (5) the only assets of the parties located in India are a vacant lot, a relatively new corporation, a bank account, and jewelry, (6) the only reason Murugesh filed his action in India was "because of [Deepa's] alleged marital infidelity and the consequences of the same under the Hindu Marriage Act," (7) Murugesh engaged in "forum shopping" so that he could "take advantage of the Hindu Marriage Act," (8) "substantially, if not all of the evidence, is located in this jurisdiction," and (9) the only evidence not available in Illinois is proof of Deepa's infidelity, "which is not an issue in the United States."

¶ 11    On March 16, 2011, Murugesh filed a motion requesting the Illinois trial court to stay the

---

[1]Murugesh provided this court with documentation that the two adultery charges against Deepa have been dismissed. However, Murugesh and his family may be able to reinstate those charges. Additionally, the attempted assault charges against Deepa and her parents appear to remain pending.

Illinois proceedings and certify the following question for appeal:

> "Where citizens and domiciliaries of India were married in India under the Hindu Marriage Act of 1955 but are currently living in Illinois; where grounds for divorce and/or dissolution are alleged to have arisen in both the State of Illinois and the Country of India, and that proof of those grounds would be located in each jurisdiction, and the husband filed his divorce action in India before the wife filed a Petition for Dissolution of Marriage in Illinois; where both courts have personal and subject matter jurisdiction over the respective proceedings; and where the India court, according to the Hindu Marriage Act of 1955, asserts exclusive jurisdiction to divorce parties married according to Hindu law such that India would not recognize an Illinois judgment of dissolution in a contested case, should the Illinois action be dismissed pursuant to 735 ILCS 5/2-619(a)(3) and/or the doctrine of *forum non conveniens*, principles of comity and the Illinois court's exclusive opportunity to avoid duplicative litigation?"

¶ 12 In March 2011, Deepa filed with the Illinois court a petition to enjoin Murugesh from participating in the Indian divorce proceeding. The trial court granted Deepa's petition to enjoin and also granted Murugesh's motion to stay the Illinois proceeding and certify the question for appeal. Murugesh appealed the trial court's order enjoining him from participating in the Indian divorce action. We affirmed the trial court's decision to grant Deepa's petition to enjoin. *In re Marriage of Murugesh*, 2012 IL App (3d) 110204-U.

¶ 13 In April 2011, Murugesh filed a petition for leave to appeal with this court, seeking review of the certified question. We initially denied Murugesh's petition for leave to appeal. Murugesh then appealed to the Illinois Supreme Court. The supreme court directed us to vacate our earlier order denying Murugesh's petition for leave to appeal and further directed us to allow the petition for leave to appeal and answer the certified question. *Murugesh v. Kasilingam*, No. 112555 (Sept. 28, 2011) (supervisory order).

¶ 14                                                ANALYSIS

¶ 15 Certified questions are governed by Illinois Supreme Court Rule 308 (Ill. S. Ct. R. 308 (eff. Feb. 26, 2010)). Rule 308 allows for permissive appeal of an interlocutory order certified by the trial court as involving a "question of law as to which there is a substantial ground for difference of opinion" and where an immediate appeal may "materially advance the ultimate termination of litigation." Ill. S. Ct. R. 308(a) (eff. Feb. 26, 2010).

¶ 16 Pursuant to Rule 308, we are limited to answering the specified certified question. *Spears v. Association of Illinois Electric Cooperatives*, 2013 IL App (4th) 120289, ¶ 15. We should not look beyond the question to consider the propriety of the court's underlying order. *In re Estate of Luccio*, 2012 IL App (1st) 121153, ¶ 17. We review a certified question *de novo*. *Id.*

¶ 17 Here, the certified question asks us to determine whether, based on the facts of this case, the Illinois action should be dismissed pursuant to (1) section 2-619(a)(3) of the Code (735 ILCS 5/2-619(a)(3) (West 2010)), (2) the doctrine of *forum non conveniens*, (3) principles of comity, or (4) "the Illinois court's exclusivity opportunity to avoid duplicative litigation." We will address each in turn.

¶ 18                    I. Section 2-619(a)(3) of the Code

¶ 19    Section 2-619(a)(3) of the Code allows for a stay or dismissal of a cause of action if "there is another action pending between the same parties for the same cause." 735 ILCS 5/2-619(a)(3) (West 2010). The purpose of section 2-619(a)(3) is "to avoid duplicative litigation." *Kellerman v. MCI Telecommunications Corp.*, 112 Ill. 2d 428, 447 (1986).

¶ 20    When a party brings a motion under section 2-619(a)(3), the trial court has discretion to determine if a dismissal is warranted. *Id.* A circuit court is not automatically required to dismiss or stay a proceeding under section 2-619(a)(3) even when the "same cause" and "same parties" requirements are met. *Id.*

¶ 21    The Illinois Appellate Court has twice ruled that section 2-619(a)(3) of the Code does not apply to a divorce action pending in a foreign country. See *Farah v. Farah*, 25 Ill. App. 3d 481 (1975); *Goldberg v. Goldberg*, 27 Ill. App. 3d 94 (1975). In *Farah*, divorce proceedings were filed in both Illinois and Lebanon. *Farah*, 25 Ill. App. 3d at 484-86. The husband moved to dismiss the Illinois proceedings pursuant to section 48(1)(c) of the Civil Practice Act, the predecessor to section 2-619(a)(3) of the Code. *Id.* at 486. The trial court denied the husband's motion, and the appellate court affirmed. The court stated that the full faith and credit clause of the Constitution does not require Illinois courts to recognize or enforce decrees of foreign countries. *Id.* at 493. The court held, "[i]f a final judgment entered by a foreign court need not be enforced by the courts of Illinois under Constitutional principles of full faith and credit, then it should necessarily follow *a fortiori* that the mere pendency of a prior action in the court of a foreign country should not constitute a bar to further proceedings before this court." *Id.*

¶ 22    In *Goldberg*, divorce actions were pending in both Illinois and Israel. *Goldberg*, 27 Ill. App. 3d at 97. The wife filed a motion to dismiss the Illinois action, pursuant to section 48(1)(c) of the Civil Practice Act. *Id.* The trial court denied the motion, and the appellate court affirmed. *Id.* Citing its recent decision in *Farah*, the court held that section 48(1)(c) (now section 2-619(a)(3) of the Code) does not apply to actions pending in foreign countries. *Id.* Following *Farah*'s holding that "the mere pendency of a prior action in the court of a foreign country would not constitute a bar to further proceedings before an Illinois court," the court in *Goldberg* ruled that the trial court correctly refused to dismiss the Illinois action because of the proceedings in the Israeli court. *Id.* at 98.

¶ 23    We agree with the reasoning and analyses of *Farah* and *Goldberg*. The purpose of section 2-619(a)(3) is "to avoid duplicative litigation." *Kellerman*, 112 Ill. 2d at 447. This purpose can be achieved only if the decree from the foreign tribunal will be recognized and enforced in Illinois. A decree from another jurisdiction will be recognized and enforced in Illinois if it is entitled to full faith and credit. See *Miner v. Gillette Co.*, 87 Ill. 2d 7, 15 (1981). The full faith and credit clause applies to judgments issued by sister states. See *id.* It does not normally apply to divorce judgments issued by foreign countries. See *Clubb v. Clubb*, 402 Ill. 390, 399-400 (1949); *In re Marriage of Mullins*, 135 Ill. App. 3d 279, 281 (1985); *Farah*, 25 Ill. App. 3d at 493; *Hager v. Hager*, 1 Ill. App. 3d 1047, 1050 (1971); *Roberts v. Roberts*, 11 Ill. App. 2d 86, 92 (1956). But see *Janssen v. Janssen*, 269 Ill. App.

233, 242 (1933) (while divorce decrees are not automatically entitled to full faith and credit, an Illinois court may, based on "comity, public policy or other reasons, give full faith and credit to such decrees if it is so disposed").

¶ 24 Where a foreign judgment is not recognized in Illinois, an Illinois court must litigate the controversy. In such a case, duplicative litigation cannot be avoided, and section 2-619(a)(3) cannot be applied to dismiss the Illinois action. If a foreign court's judgment is recognized in Illinois, section 2-619(a)(3) may be properly employed to avoid duplicative litigation.

¶ 25 However, Murugesh cites a federal court case that has called into question the continued viability of *Farah* and *Goldberg* since the Illinois legislature's enactment of the Uniform Foreign Money-Judgments Recognition Act (Recognition Act) (735 ILCS 5/12-618 *et seq.* (West 2010)). See *Ball v. Deere & Co.*, 684 F. Supp. 1455, 1457 (C.D. Ill. 1988). The Recognition Act provides that with certain exceptions, a "foreign judgment" is enforceable "in the same manner as the judgment of a sister state which is entitled to full faith and credit." 735 ILCS 5/12-620 (West 2010). But, the Recognition Act's definition of "foreign judgment" is "any judgment of a foreign state granting or denying recovery of a sum of money, other than *** a judgment for support in matrimonial or family matters." 735 ILCS 5/12-618(b) (West 2010). Thus, the Recognition Act does not apply to a divorce judgment entered by a foreign court. *Philips Electronics, N.V. v. New Hampshire Insurance Co.*, 295 Ill. App. 3d 895, 903 (1998) (citing *Nardi v. Segal*, 90 Ill. App. 2d 432, 437 (1967)).

¶ 26 Because Illinois courts are not required to recognize or enforce divorce judgments from foreign countries, the purpose of section 2-619(a)(3) of the Code to "avoid duplicative litigation" is not achieved by dismissing an Illinois dissolution action in favor of a foreign dissolution action. Section 2-619(a)(3) of the Code should, therefore, not be used to dismiss the Illinois dissolution action in favor of the Indian action. See *Farah*, 25 Ill. App. 3d at 493; *Goldberg*, 27 Ill. App. 3d at 97.

¶ 27 II. *Forum Non Conveniens*

¶ 28 *Forum non conveniens* is an "equitable doctrine founded in considerations of fundamental fairness and the sensible and effective administration of justice." *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 441 (2006). The doctrine permits a trial court to transfer a case when trial in another forum would better serve the ends of justice. *Id.*

¶ 29 The burden is on the party asking for the dismissal to show that the relevant factors strongly favor transfer. *Id.* at 442. A defendant seeking transfer is required to show not only that the plaintiff's choice of forum is inconvenient but that the defendant's choice is the substantially more appropriate forum. *In re Marriage of Mather*, 408 Ill. App. 3d 853, 857 (2011). Unless the defendant demonstrates that the relevant considerations "overwhelmingly favor" a dismissal, the court should deny the defendant's motion. *Woodward v. Bridgestone/Firestone, Inc.*, 368 Ill. App. 3d 827, 833 (2006).

¶ 30 Before weighing the relevant factors to consider in deciding a *forum non conveniens* motion, a court must first decide how much deference to give the plaintiff's choice of forum. *Langenhorst*, 219 Ill. 2d at 448. The plaintiff's choice of forum is a substantial factor in deciding a *forum non conveniens* motion and should be accorded substantial deference when

it is where the plaintiff resides. *Id.*; see *Mather*, 408 Ill. App. 3d at 858.

¶ 31 A court must then consider both private and public interest factors in deciding a *forum non conveniens* motion. *Langenhorst*, 219 Ill. 2d at 443. The private interest factors include: "(1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* The public interest factors include: "(1) the interest in deciding controversies locally; (2) the unfairness of imposing trial expense and the burden of jury duty on residents of a forum that has little connection to the litigation; and (3) the administrative difficulties presented by adding litigation to already congested court dockets." *Id.* at 443-44.

¶ 32 Here, all of the relevant factors weigh against dismissal of the Illinois divorce proceeding. First, we must give substantial deference to Deepa's chosen forum particularly since she filed her action in the same county in which she and Murugesh reside. See *Mather*, 408 Ill. App. 3d at 858.

¶ 33 Similarly, the first private interest factor, the convenience of the parties, also favors Illinois since both parties reside and can easily appear in court in this state. Neither Murugesh nor Deepa has personally appeared in court in India. Indeed, Murugesh filed an affidavit with the Indian court stating that he would not be able to personally appear there because he was "preoccupied" with his life and business in the United States. This factor does not support dismissal.

¶ 34 The next private interest factor, ease of access to evidence, also favors Illinois because most of the relevant proofs in this case are located here. Although Murugesh argues that there are witnesses in India, those witnesses are relevant only to Deepa's alleged infidelity. The remainder of the evidence in this case, including the property and assets of the parties, the divorce grounds claimed by Deepa, and any issues related to their child, are almost entirely located in Illinois. We agree with the trial court that "substantially, if not all of the evidence, is located in this jurisdiction." This factor does not support dismissal of the Illinois action.

¶ 35 The final private interest factor, practical issues for the parties, also weighs against dismissal. In this case, the main issue is travel to the local county court and travel to India. A trial in India would not be easy or inexpensive, particularly to Deepa, who has participated in the proceedings there only through her father, who has to travel several hours to attend court. On the other hand, a trial in Illinois would be much easier and less expensive for both Deepa and Murugesh because they can easily travel to court in the county in which they both reside.

¶ 36 The public interest factors also do not support dismissal of the Illinois action. The first public interest factor, the interest in deciding controversies locally, weighs heavily against dismissing the Illinois divorce case because there is a strong public policy in favor of deciding marital controversies locally. See *In re Marriage of Ricard*, 2012 IL App (1st) 111757, ¶ 57. In domestic relations cases, there is a strong tie to the county where the marital home is located and where the children of the marriage reside. *Id.* Here, the marital home and the parties' child are located in Illinois. Thus, Illinois is an appropriate forum.

¶ 37 The second public interest factor, the unfairness of imposing trial expenses and the

burden of jury duty on residents of a forum that has little connection to the litigation, also weighs against dismissing the Illinois action. Although this is not a jury matter, Illinois has a strong connection to the parties and their marriage, since the parties have resided in Illinois for almost all of their married lives. See *id.* Because of the parties' strong connection with Illinois, it would not be unfair to impose the expense of a trial on Illinois residents. The final public interest factor, comparative congestion in the respective courts, also does not support dismissal because Murugesh presented no evidence that there is more congestion in Illinois courts than Indian courts. See *id.* ¶ 59.

¶ 38    Based on all of the relevant factors, dismissing the Illinois case pursuant to the doctrine of *forum non conveniens* would not be appropriate.

¶ 39                                   III. Comity

¶ 40    Comity is "a recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to the international duty and convenience and to the rights of its own citizens who are under the protection of its laws." *Clubb*, 402 Ill. at 399-400. Under the doctrine of comity, courts may, but are not required to, defer to the laws or interests of a foreign country and decline to exercise jurisdiction that is otherwise properly asserted. *Performance Network Solutions, Inc. v. Cyberklix US, Inc.*, 2012 IL App (1st) 110137, ¶ 34. When a properly filed action has a legitimate and substantial relationship to Illinois, the action should not be dismissed pursuant to principles of comity. See *Whittmanhart, Inc. v. CA, Inc.*, 402 Ill. App. 3d 848, 855 (2010).

¶ 41    Recognition of a foreign judgment may be withheld where (1) it is contrary to the public policy of the state where the recognition is sought, (2) the country in which the decree was rendered does not recognize American decrees, or (3) the judgment was obtained in bad faith, by fraud or by taking advantage of the foreign law. *Hager v. Hager*, 1 Ill. App. 3d 1047, 1051 (1971). Courts considering whether to give comity to a foreign judgment should also consider whether the foreign court "can do complete justice to those affected by the decree." *Codo, Bonds, Zumstein & Konzelman, P.C. v. Federal Deposit Insurance Corp.*, 148 Ill. App. 3d 698, 703 (1986). Illinois courts have refused to recognize divorce decrees entered by foreign countries under principles of comity. See *Clubb*, 402 Ill. at 399-400; *Mullins*, 135 Ill. App. 3d at 281; *Farah*, 25 Ill. App. 3d at 492; *Hager*, 1 Ill. App. 3d at 1052; *Nardi*, 90 Ill. App. 2d at 434-46.

¶ 42    The doctrine of comity does not support dismissal of the Illinois case for several reasons. First, Illinois has a significant and substantial interest in the parties and the dissolution of their marriage since they are both residents of Illinois. See *Ricard*, 2012 IL App (1st) 111757, ¶ 57. Second, as stated in the certified question, "India would not recognize an Illinois judgment of dissolution in a contested case." Because Indian courts will not recognize an Illinois divorce decree, it would be inappropriate for an Illinois court to recognize the Indian divorce decree under principles of comity. See *Clubb*, 402 Ill. at 395 ("[T]he comity of this country does not require that judgments of a foreign country be recognized as conclusive in this country, where such foreign country does not give like effect to our own judgments."). Third, the trial court found that Murugesh filed his divorce action in India solely to "take

-8-

advantage of the Hindu Marriage Act" because it is more favorable to him. Since Murugesh filed his action in India as a means to take advantage of foreign law, we should not grant comity to the Indian court's judgment. See *Hager*, 1 Ill. App. 3d at 1051.

¶ 43 Finally, complete relief can only be provided to the parties by an Illinois court. Pursuant to the Uniform Child-Custody Jurisdiction and Enforcement Act (Act), a court can make an initial child custody determination only if it is located in the "home state of the child." 750 ILCS 36/201(a) (West 2010). The Act defines a child's "home state" as the state in which the child has lived with a parent for at least six consecutive months. 750 ILCS 36/102(7) (West 2010). Since the parties' child has lived in Illinois her entire life, only an Illinois court can make an initial child custody determination with respect to her.

¶ 44 Under the facts and circumstances presented in the certified question, the Illinois trial court was not required to dismiss the Illinois action pursuant to principles of comity.

¶ 45  IV. "Illinois court's exclusive opportunity to avoid duplicative litigation"

¶ 46 It is the policy of Illinois to avoid duplicative litigation. See *Combined Insurance Co. of America v. Certain Underwriters at Lloyd's, London*, 356 Ill. App. 3d 749, 756 (2005). However, that policy does not require Illinois courts to force litigants into the courts of another jurisdiction. *International Games, Inc. v. Sims*, 111 Ill. App. 3d 922, 926 (1982) (citing *A.E. Staley Manufacturing Co. v. Swift & Co.*, 84 Ill. 2d 245, 253 (1980)).

¶ 47 We find nothing about Illinois's policy of avoiding duplicative litigation that required the trial court to dismiss the Illinois action in favor of the Indian divorce action. As explained above, Illinois has a strong interest in deciding this dissolution action between two Illinois residents. See *Ricard*, 2012 IL App (1st) 111757, ¶ 57. The trial court properly determined that it would be inappropriate to force Deepa to litigate the dissolution action in a foreign country where neither she nor Murugesh reside.

¶ 48                                   CONCLUSION

¶ 49 For the reasons set forth above, we answer the certified question in the negative. Section 2-619(a)(3) of the Code, the doctrine of *forum non conveniens*, principles of comity, and "the Illinois court's exclusive opportunity to avoid duplicative litigation" do not require the trial court to dismiss this Illinois dissolution action involving two Illinois residents.

¶ 50 The certified question of the circuit court of Will County is answered.

¶ 51 Certified question answered.

¶ 52 JUSTICE McDADE, specially concurring.

¶ 53 I agree with the majority that the certified question should be answered in the negative; however, I write separately for two reasons. First, I believe that as a matter of law, section 2-619(a)(3) of the Code of Civil Procedure may be used to dismiss an Illinois dissolution of marriage action when there is already a dissolution action pending in a foreign country.

Second, I disagree with the majority's approach to answering the certified question.

¶ 54    First, I believe the majority's interpretation of section 2-619(a)(3) is unduly restrictive: a trial court should not be precluded from using section 2-619(a)(3) when there is a dissolution proceeding already pending in a foreign country. I acknowledge that Illinois statutes do not require that foreign dissolution of marriage decrees be given full faith and credit: the Uniform Foreign Money-Judgments Recognition Act (Recognition Act) does not apply to divorce or domestic relations matters (see 735 ILCS 5/12-618(b) (West 2010)),[2] and while the Illinois Marriage and Dissolution of Marriage Act allows for enforcement of dissolution judgments from other states, it does not specifically mention foreign countries (see 750 ILCS 5/511(c) (West 2012)). However, even though a foreign country's dissolution judgment is not entitled to be enforced in Illinois as a matter of right, in certain instances it may still prevent duplicative litigation and justify a decision to dismiss an Illinois action in favor of a foreign proceeding.

¶ 55    As the majority acknowledges, a foreign divorce judgment may be recognized and enforced in Illinois under the principle of comity. See *Janssen v. Janssen*, 269 Ill. App. 233, 242 (1933). See also *Ransom v. A.B. Dick Co.*, 289 Ill. App. 3d 663, 669 (1997) (comity may be given to an act of a foreign court as long as the foreign court possessed competent jurisdiction and if the laws and public policy of the forum state are not violated). Where a foreign proceeding is not entitled to full faith and credit but may be recognized under the principle of comity, a trial court may use section 2-619(a)(3) to dismiss an Illinois action. See *Philips Electronics, N.V. v. New Hampshire Insurance Co.*, 295 Ill. App. 3d 895, 904 (1998) (even if the Recognition Act did not apply to a judgment entered by an English court, the decree could be recognized under principles of comity, and therefore it was proper to consider whether the Illinois action should be dismissed in favor of the pending English action). In instances where a foreign divorce decree may be recognized in Illinois, then it could prevent duplicative litigation to stay or dismiss an Illinois action in favor of the foreign country's proceeding. Accordingly, allowing the trial court the discretion to use section 2-619(a)(3) when there is a dissolution proceeding already pending in a foreign country would be consistent with the purpose of the statute. See *Kellerman v. MCI Telecommunications Corp.*, 112 Ill. 2d 428, 447 (1986) ("Section 2-619(a)(3) is designed to avoid duplicative litigation and is to be applied to carry out that purpose.").

¶ 56    To the extent that this is inconsistent with *Farah* and *Goldberg*, I would find that those cases, while correctly decided, go too far in establishing a rule that an Illinois dissolution action *cannot* be stayed or dismissed in favor of a foreign country's dissolution proceeding. In both *Farah* and *Goldberg*, the appellate court affirmed the trial court's denial of the appellant's motion to dismiss. *Farah v. Farah*, 25 Ill. App. 3d 481, 493 (1975); *Goldberg v. Goldberg*, 27 Ill. App. 3d 94, 97-98 (1975). Both courts decided to affirm the trial court's

_____

[2]In 2012, the Recognition Act was repealed and recodified, with several changes. See 735 ILCS 5/12-661 *et seq.* (West 2012). The current version of the Recognition Act still exempts foreign judgments in connection with divorce or domestic relations matters, however. See 735 ILCS 5/12-663(b)(3) (West 2012).

order on the basis that Illinois was not required to recognize the judgment of a foreign country's court. *Farah*, 25 Ill. App. 3d at 493; *Goldberg*, 27 Ill. App. 3d at 97-98. While neither case speaks to the standard of review the court was applying, under current practice a trial court's denial of a motion to dismiss under this statute would be reviewed for an abuse of discretion. See *Kapoor v. Fujisawa Pharmaceutical Co.*, 298 Ill. App. 3d 780, 786 (1998). Whether a foreign judgment would be enforceable in Illinois is an important factor for the trial court to consider when faced with a motion to dismiss an Illinois action in favor of the foreign dissolution proceeding. Therefore, I would read *Farah* and *Goldberg* as establishing that it is not an abuse of discretion to deny a motion to dismiss in favor of a foreign country's dissolution of marriage proceeding when that judgment would not be enforceable in Illinois. This does not mean, however, that the trial court cannot exercise its discretion to dismiss an Illinois action if the trial court believes the foreign judgment would be enforceable under the principle of comity and the other circumstances warrant dismissal.

¶ 57    Other considerations also support giving trial courts the ability to apply section 2-619(a)(3) when there is a foreign dissolution of marriage case pending. The doctrine of *forum non conveniens* allows the dismissal of a dissolution action in favor of a foreign country's forum. See *In re Marriage of Ricard*, 2012 IL App (1st) 111757, ¶¶ 39-41 (finding that *forum non conveniens* does not require that the alternate forum be domestic in a dissolution of marriage case). While *forum non conveniens* and section 2-619(a)(3) are distinct, they are "interrelated procedural devices which may and should be used together when another action is pending and defendant feels that one forum is inconvenient." *A.E. Staley Manufacturing Co. v. Swift & Co.*, 84 Ill. 2d 245, 251 (1980). Given the close connection between these two procedural devices, it would be confusing and inconsistent for one to apply when there is a foreign divorce case pending while the other cannot. Finally, it is important to recognize that section 2-619(a)(3) is discretionary in nature. See *Staley*, 84 Ill. 2d at 253. I see no reason to summarily limit, as *Farah* and *Goldberg* purport to do and as does the majority, the discretion of the trial court in these situations. Therefore, I would find that section 2-619(a)(3) may be invoked where there is a dissolution of marriage case already pending in a foreign country.

¶ 58    My other concern is with the majority's approach to answering the certified question. The majority states that the certified question calls for us to determine whether, "based on the facts of this case," the Illinois action should be dismissed pursuant to section 2-619(a)(3), *forum non conveniens*, comity, or the Illinois court's exclusive opportunity to avoid duplicative litigation. See *supra* ¶ 17. The majority then goes on to cite facts from the underlying case–facts which are not set forth in the certified question–to bolster its decision that dismissal is not required under the four specified grounds. See, *e.g.*, *supra* ¶¶ 33, 42. I disagree with this approach. It would be improper for a certified question to merely call for the appellate court to apply the law to the underlying facts of a case. See *Thomas v. Page*, 361 Ill. App. 3d 484, 494-95 (2005). Pursuant to Illinois Supreme Court Rule 308, a certified question should present a question of law about which substantial grounds for disagreement exist. See Ill. S. Ct. R. 308(a) (eff. Feb. 26, 2010); *Solon v. Midwest Medical Records Ass'n, Inc.*, 236 Ill. 2d 433, 439 (2010). Rule 308 "was never intended to serve as a vehicle to appeal interlocutory orders involving little more than an application of the law to the facts

of a specific case."[3] *Thomas*, 361 Ill. App. 3d at 494. It is partly for this reason that the reviewing court should confine its decision to answering the certified question itself and not expand the question under review. See *Fosse v. Pensabene*, 362 Ill. App. 3d 172, 177 (2005).

¶ 59   By answering the question "based on the facts of this case," the majority does not merely answer the certified question, but instead expands the question under review. As far as is practicable, I would answer the certified question as an abstract question of law, using only the factual predicates specified in the question itself. My answer would still be negative: dismissal is not required, as a matter of law, under any of the four grounds. This is because a trial court may exercise broad discretion in making a determination on any of grounds stated, taking into account the specific facts of the case, and nothing in the certified question itself leads me to conclude that refusing to dismiss the Illinois action would constitute an abuse of discretion.

¶ 60   An appellate court may, in the interests of justice and the need to reach an equitable result, review the propriety of the underlying order that gave rise to the certified question. *Townsend v. Sears, Roebuck & Co.*, 227 Ill. 2d 147, 153 (2007). If this court chose to expressly review the merits of the trial court's underlying order–as I believe the majority has, in effect, done here–at that point it would be proper to consider facts from the proceeding which are not present in the certified question. It is worth noting that both parties have briefed the merits of the trial court's order denying Murugesh's motion to dismiss as a matter separate from the certified question. I believe it would be wise to rule on the merits of this order: not only has this court been fully briefed on the relevant facts and law, but ruling conclusively on the motion to dismiss would make our decision the law of the case and prevent the parties from arguing the issue again once a final judgment is entered. Thus, ruling on the court's underlying order would allow both the trial court and the parties to move on, and it would prevent the use of any more judicial resources on this issue. Accordingly, I would reach the merits of the trial court's decision, although only as a separate issue. For the reasons discussed in the majority's opinion, I would find that it was not an abuse of discretion to deny Murugesh's motion to dismiss.

---

[3]Indeed, I believe the certified question itself verges on improper because of the extent to which it incorporates and relies on the specific facts of this case, instead of presenting a pure question of law.