# Illinois Official Reports

## Appellate Court

*Marzouki v. Najar-Marzouki*, 2014 IL App (1st) 132841

| | |
|---|---|
| Appellate Court Caption | JAMEL MARZOUKI, Petitioner-Appellant, v. OLFA NAJAR-MARZOUKI, Respondent-Appellee. |
| District & No. | First District, Fourth Division<br>Docket No. 1-13-2841 |
| Filed | May 15, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's denial of petitioner's motion to stay proceedings on respondent's motion to allocate the parties' marital assets was affirmed, since the record showed the parties' marriage was dissolved by a French court, that court ordered the parties to liquidate and distribute the assets out of court, no proceedings were pending in the French court, petitioner had registered the French judgment in the Illinois court, and he failed to meet his burden of showing that the Illinois court's denial of his motion for a stay was an abuse of discretion. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-D2-30088; the Hon. Mark Lopez, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Lawrence W. Byrne and Naureen Amjad, both of Pedersen & Houpt, of Chicago, for appellant.<br><br>Mitchell B. Gordon and Maria A. Citino Sfreddo, both of Bradford & Gordon, LLC, of Chicago, for appellee. |

| Panel | JUSTICE EPSTEIN delivered the judgment of the court, with opinion. Justices Fitzgerald Smith and Lavin concurred in the judgment and opinion. |

**OPINION**

¶ 1   Petitioner, Jamel Marzouki (Jamel), filed this interlocutory appeal, pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Feb. 26, 2010), from the August 14, 2013 order of the circuit court of Cook County denying his motion for a stay and to enjoin discovery and trial. He further appeals all underlying orders including the July 22, 2013 order of the circuit court denying his motion to dismiss respondent's motion to allocate the marital estate. For the reasons that follow, we conclude that we lack jurisdiction to address the circuit court's denial of Jamel's motion to dismiss, and we affirm the August 14, 2013 order denying his motion for a stay and to enjoin discovery and trial.

¶ 2                              BACKGROUND

¶ 3   Jamel and respondent, Olfa Najar-Marzouki (Olfa), are French citizens. Both were born in Tunisia and married there in 1998. This was Jamel's third marriage and Olfa's first. Jamel and his first wife divorced in 1989 in France. Jamel and his second wife divorced in 1996 in Wisconsin. In 1999, Jamel and Olfa moved to Illinois. In 2002, the couple purchased a residence in Evanston, which they continue to own jointly. Jamel and Olfa have two children and both were born in Illinois. In July 2010, they moved with their children to France, where Jamel worked remotely for his Illinois-based employer. Olfa worked in France as a medical researcher. While in France, they rented out their Evanston residence.

¶ 4   In January 2011, Jamel filed for divorce from Olfa. In December 2011, the couple and their children returned to the United States. On November 26, 2012, the family judge of the French court entered a seven-page judgment of dissolution which states, in pertinent part:

"REASONS FOR THE DECISION

On the divorce

Articles 233 and 234 of the civil code stipulate that divorce may be requested by either spouse or by both when they accept the principle of terminating the marriage without taking into consideration the facts that caused it.

Pursuant to article 1124 of the new code of civil procedure, the judge pronounces divorce on the sole grounds of mutual acceptance by the spouses.

In the present case, both spouses have stated that they accept the termination of the marriage in the conditions provided for by article 1124 of the new code of civil procedure, on 28 November 2011 for Olfa NAJAR and on 27 September 2011 for Jamel MARZOUKI, so that the divorce is pronounced pursuant to articles 233 and 234 of the civil code."

¶ 5   In addition to pronouncing the divorce, the court ordered that "the parents shall exercise joint parental authority with the children's usual place of residence being with their father."

The court further "order[ed] the liquidation and distribution out of the spouses' marital rights." The order also "**[i]nvites** the parties to settle this liquidation and distribution out of court with the assistance of a notary of their choice." (Emphasis in original.)

¶ 6    The instant Illinois action arose on or about February 21, 2013, when Jamel filed a petition in the circuit court of Cook County to enforce the foreign judgment. Also on February 21, 2013, Jamel filed a "Petition to Establish Child Support." On March 29, 2013, Olfa filed a "Motion to Allocate Marital Estate." On April 29, 2013, Olfa filed her response to Jamel's petition to establish child support. On May 8, 2013, pursuant to section 2-619(a)(3) of the Code of Civil Procedure (the Code) (735 ILCS 5/2-619(a)(3) (West 2010)), Jamel filed a "Motion to Dismiss [Olfa's] Motion to Allocate Marital Estate," which the trial court denied on July 22, 2013. At some point, Jamel also filed a "Motion for Stay and to Enjoin Discovery and Trial on Respondent's Motion to Allocate Marital Assets." Jamel has included an undated copy of the motion in the appendix to his brief but also concedes that there is no copy in the record. Jamel filed his motion to stay under section 2-619(a)(3) of the Code (735 ILCS 5/2-619(a)(3) (West 2010)) and section 501 of the Illinois Marriage and Dissolution of Marriage Act, which provides for a preliminary injunction under certain circumstances (750 ILCS 5/501 (West 2010)). After a hearing, the trial court denied this motion. The record contains no transcript of the hearing. Jamel filed this interlocutory appeal on August 13, 2013.

¶ 7                                  JURISDICTION

¶ 8    This court has jurisdiction to review appeals from final judgments only, unless a supreme court rule or statute provides appellate jurisdiction. *Van Der Hooning v. Board of Trustees of the University of Illinois*, 2012 IL App (1st) 111531, ¶ 6. Jamel filed this appeal pursuant to Illinois Supreme Court Rule 307(a)(1), which states that "[a]n appeal may be taken to the Appellate Court from an interlocutory order of court *** granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." Ill. S. Ct. R. 307(a)(1) (eff. Feb. 26, 2010). This court has consistently held that a stay is injunctive in nature and a stay order is immediately appealable under Rule 307(a)(1). *Hastings Mutual Insurance Co. v. Ultimate Backyard, LLC*, 2012 IL App (1st) 101751, ¶ 28; *TIG Insurance Co. v. Canel*, 389 Ill. App. 3d 366, 371 (2009). We have appellate jurisdiction to review the interlocutory order of August 14, 2013, denying Jamel's motion to stay.

¶ 9    Jamel also seeks to appeal "all underlying orders including the order entered July 22, 2013 denying [his] Motion to Dismiss." This order is not appealable. " 'An appeal under Rule 307 does not open the door to a general review of all orders entered by the trial court up to the date of the order that is appealed.' [Citation.]" *Rosinia v. Gusmano*, 90 Ill. App. 3d 882, 887 (1980). A trial court's denial of a motion to dismiss is an interlocutory order, but it is one that is not final and appealable. *Desnick v. Department of Professional Regulation*, 171 Ill. 2d 510, 540-41 (1996); *Van Der Hooning*, 2012 IL App (1st) 111531, ¶¶ 6-7. This court is without jurisdiction to consider whether the circuit court erred in denying Jamel's motion to dismiss.

¶ 10                    ILLINOIS SUPREME COURT RULE 341

¶ 11    Olfa has argued that this appeal should be dismissed based on Jamel's failure to adhere to the requirements set forth in Illinois Supreme Court Rule 341. Ill. S. Ct. R. 341 (eff. Feb. 6,

2013). Rule 341 provides that all briefs should contain a statement of facts section which includes "appropriate reference to the pages of the record on appeal." Ill. S. Ct. R. 341(h)(6) (eff. Feb. 6, 2013). Rule 341 further requires that the brief contain an argument "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013). We agree with Olfa that Jamel's brief does not comply with these requirements.

¶ 12 As we have explained:

> "Our rules of procedure are rules and not merely suggestions. [Citation.] Consequently, Rule 341's mandates detailing the format and content of appellate briefs are compulsory. [Citation.] *** Where an appellant's brief contains numerous Rule 341 violations and, in particular, impedes our review of the case at hand because of them, it is our right to strike that brief and dismiss the appeal. [Citations.] Ultimately, we are not a depository in which the appellant may dump the burden of argument and research for his cause on appeal. [Citation.]" (Internal quotation marks omitted.) *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 18.

As Olfa correctly notes, although an appellant may present evidence favorable to his position in the statement of facts, he cannot do so at the cost of this court's understanding of the case. See *In re R.G.*, 165 Ill. App. 3d 112, 115 (1988); *Midland Hotel Corp. v. Reuben H. Donnelley Corp.*, 149 Ill. App. 3d 53, 57 (1986). Additionally, "[i]t is axiomatic that [a] reviewing court is entitled to have the issues clearly defined and supported by pertinent authority and cohesive arguments [citation], and that failure to develop an argument results in waiver. [Citation.]" (Internal quotation marks omitted.) *Sexton v. City of Chicago*, 2012 IL App (1st) 100010, ¶ 79. In view of these principles, we believe that we are entitled to strike Jamel's brief or dismiss his appeal based on his violations of Rule 341. We choose not to do so, however, and, in our discretion, will review this appeal. A reviewing court has the choice to review the merits, even in light of multiple Rule 341 mistakes. *Rosestone Investments, LLC*, 2013 IL App (1st) 123422, ¶ 19 (citing *In re Estate of Jackson*, 354 Ill. App. 3d 616, 620 (2004)).

¶ 13                                        STANDARD OF REVIEW

¶ 14 When a party brings a motion under section 2-619(a)(3) of the Code, the trial court has discretion to determine if a dismissal or stay is warranted. *In re Marriage of Murugesh*, 2013 IL App (3d) 110228, ¶ 20. Thus, we review the trial court's order denying a motion to stay under the abuse of discretion standard. *Hastings Mutual Insurance Co.*, 2012 IL App (1st) 101751, ¶ 29. "In determining whether the circuit court abused its discretion, this court should not decide whether it agrees with the circuit court's decision, but rather, should determine whether the circuit court acted arbitrarily without the employment of conscientious judgment or *** exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted. [Citation.]" (Internal quotation marks omitted.) *Id*. Under the abuse of discretion standard, the reviewing court's role is not to substitute its judgment for that of the trial court, or even to determine whether the trial court acted wisely. *Midas International Corp. v. Mesa, S.p.A.*, 2013 IL App (1st) 122048, ¶ 22.

¶ 15                                   ANALYSIS

¶ 16        "Section 2-619(a)(3) of the Code allows for a stay or dismissal of a cause of action if 'there is another action pending between the same parties for the same cause.' [Citation.]" *In re Marriage of Murugesh*, 2013 IL App (3d) 110228, ¶ 19. "The purpose of section 2-619(a)(3) is 'to avoid duplicative litigation.' [Citation.]" *Id*. Even when the "same cause" and "same parties" requirements are met, a circuit court is not automatically required to dismiss or stay a proceeding under section 2-619(a)(3). *In re Marriage of Murugesh*, 2013 IL App (3d) 110228, ¶ 20; accord *May v. SmithKline Beecham Clinical Laboratories, Inc.*, 304 Ill. App. 3d 242, 247 (1999) ("A motion to stay need not be automatically granted simply because the same cause involving the same parties is pending in another jurisdiction." (citing *Kellerman v. MCI Telecommunications Corp.*, 112 Ill. 2d 428, 446 (1986))). Our supreme court has explained that, notwithstanding the policy of avoiding duplicative litigation, "multiple actions in different jurisdictions *** may be maintained where the circuit court, in a sound exercise of its discretion, determines that both actions should proceed." *A.E. Staley Manufacturing Co. v. Swift & Co*., 84 Ill. 2d 245, 253 (1980).

¶ 17        A party seeking a stay bears the burden of proving adequate justification for the stay. *May v. SmithKline Beecham Clinical Laboratories, Inc.*, 304 Ill. App. 3d 242, 246 (1999). The party seeking the stay must justify it by clear and convincing circumstances outweighing its potential harm to the opposing party. *Reed v. Doctor's Associates, Inc.*, 331 Ill. App. 3d 618, 627 (2002). To that end, he "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. [Citation.]" (Internal quotation marks omitted.) *May*, 304 Ill. App. 3d at 246-47.

¶ 18        Jamel argues that a stay "would be appropriate to allow the French court to complete its proceedings." As Olfa notes, section 2-619 states in pertinent part that a "[*d*]*efendant* may *** file a motion for dismissal of the action or other appropriate relief." (Emphasis in original.) Olfa contends that "[*b*]*ecause Jamel is the petitioner in this matter*, his request for a dismissal of Olfa's [motion] based on 'pending proceedings' in France is disingenuous." (Emphasis added.) She also argues that, by filing this action, Jamel has asked the circuit court to "accept jurisdiction over all matters contained in the Judgment, not just an isolated part of the Judgment that serves his interests." As Olfa correctly notes, Jamel seeks only a partial dismissal and wants the Illinois court "to retain jurisdiction of this matter to adjudicate his claims, such as child support." She further notes that Jamel's request for child support was denied by the French court. As to Jamel's motion for a stay, Olfa notes that he made this request in order "to see how those French court proceedings progress." However, Olfa contends that "[a] stay of the proceedings in Illinois would simply give Jamel the opportunity to take affirmative steps to institute further proceedings in France in an attempt to frustrate the Circuit Court's exercise of jurisdiction in this matter."

¶ 19        We first note that Jamel has failed to include in the record a copy of his motion to stay or a copy of the transcript of the hearing on his motion. "[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92. "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id*. at 392. "An issue relating to a circuit

- 5 -

court's factual findings and basis for its legal conclusions obviously cannot be reviewed absent a report or record of the proceeding." *Corral v. Mervis Industries, Inc*., 217 Ill. 2d 144, 156 (2005). "From the very nature of an appeal it is evident that the court of review must have before it the record to review in order to determine whether there was the error claimed by the appellant." *Foutch*, 99 Ill. 2d at 391.

¶ 20        In light of the principles enunciated in *Corral* and *Foutch*, we justifiably could hold that we are unable to conduct a meaningful review of this appeal and presume that the trial court's ruling on Jamel's motion for a stay had a sufficient legal and factual basis. However, the failure of an appellant to include a transcript of proceedings is not necessarily fatal where the record contains sufficient documents to allow meaningful review of the merits of the appeal. See, *e.g*., *Whitmer v. Munson*, 335 Ill. App. 3d 501, 511-12 (2002) (and cases cited therein). With respect to the missing motion, Jamel stated in his brief that he was waiting for the trial court to rule on his proposed stipulation that the motion be included in the record. However, Jamel has not filed, nor requested that he be allowed to file, a supplemental record containing a copy of the motion. Although Jamel included a copy of the motion in the appendix attached to his brief, this is not the proper method of supplementing the record. See, *e.g*., *Pikovsky v. 8440-8460 North Skokie Boulevard Condominium Ass'n*, 2011 IL App (1st) 103742, ¶ 16 ("a reviewing court will not supplement the record on appeal with the documents attached to the appellant's brief on appeal as an appendix, where there is no stipulation between the parties to supplement the record and there was no motion in the reviewing court to supplement the record with the material"). Nonetheless, we believe the parties have stipulated that the motion is part of the record. Notably, Olfa has cited to the motion contained in Jamel's appendix to his brief. Moreover, the record contains a copy of the judgment entered by the French court, Jamel's petition to register that judgment, and a copy of the trial court's ruling on the motion to dismiss explaining its findings. Thus, we conclude that the record contains sufficient documents to adequately apprise this court of the evidence presented to the trial court when it made its decision to deny Jamel's motion for a stay. We will therefore address the merits of the appeal.

¶ 21        We now conclude that the circuit court's ruling was legally correct based on the plain language of the judgment of dissolution entered by the French court, which the circuit court had considered three weeks earlier in ruling on Jamel's motion to dismiss. As the circuit court stated: "Based upon Jamel's request that the 11-26-12 French Judgment for Dissolution of Marriage be registered and enrolled in Cook County, Illinois, this Honorable Court has both subject matter and personal jurisdiction over this cause." The court concluded that "[b]ased upon Jamel's registration and enrollment of the French Judgment for Dissolution of Marriage in Cook County, Illinois, Jamel has waived his claim that the French courts have retained subject matter or personal jurisdiction." The circuit court further found that there were no pending proceedings in the French court. Also, as we have noted, the French court ordered the "liquidation and distribution out of the spouses' marital rights" and merely *invited* the parties "to settle this liquidation and distribution out of court with the assistance of a notary of their choice."

¶ 22        The French court has already issued its judgment and Jamel has instituted this Illinois action to register and enroll that foreign judgment in Cook County. Based on the record before this court, including the plain language of the judgment of dissolution entered by the French court, Jamel has failed to show that there is another action currently pending *in the*

*French court*. Therefore, Jamel has failed to meet his burden on appeal of showing that the circuit court abused its discretion in denying his motion for a stay of Olfa's motion to allocate the marital assets. As there is no basis for concluding that the trial court abused its discretion, we must affirm the circuit court's order.

¶ 23                                    CONCLUSION

¶ 24        For the foregoing reasons, we affirm the circuit court's August 14, 2013 order denying Jamel's motion to stay Olfa's motion to allocate marital assets.

¶ 25        Affirmed.