# Illinois Official Reports

## Appellate Court

---

**Board of Trustees of Illinois Valley Community College District No. 513 v. Putnam County, 2014 IL App (3d) 130344**

---

| | |
|---|---|
| Appellate Court Caption | THE BOARD OF TRUSTEES OF ILLINOIS VALLEY COMMUNITY COLLEGE DISTRICT NO. 513, and THE COUNTIES OF BUREAU, DE KALB, GRUNDY, LA SALLE, LEE, LIVINGSTON, MARSHALL AND PUTNAM IN THE STATE OF ILLINOIS, Plaintiffs-Appellees, v. PUTNAM COUNTY, a Political Subdivision of the State of Illinois, DANIEL KUHN, in His Official Capacity as Putnam County Clerk, and KEVIN KUNKEL, in His Official Capacity as Putnam County Treasurer and Collector, and MARQUIS ENERGY, LLC, Defendants-Appellants. |
| District & No. | Third District<br>Docket No. 3-13-0344 |
| Filed | July 9, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In answer to a question certified by the trial court pursuant to Supreme Court Rule 308 as to whether a trial court has equitable jurisdiction to determine whether an abatement of real estate taxes in an enterprise zone has been properly applied even though the decision may be detrimental to a taxpayer who would have the right to protest the taxation of that property only under the exclusive jurisdiction of the Property Tax Code, the appellate court answered "yes," since the tax objection procedure under the Code does not provide a remedy to taxpayers like plaintiffs in the instant action, who objected to the abatement of the taxes on the defendant ethanol facility that benefitted from being in an enterprise zone; therefore, plaintiffs were entitled to seek equitable relief in the trial court. |
| Decision Under Review | Appeal from the Circuit Court of Putnam County, No. 11-MR-4; the Hon. Scott A. Shore, Judge, presiding. |

| Judgment | Certified question answered; cause remanded. |
|---|---|
| Counsel on Appeal | Hal R. Morris (argued) and Elizabeth A. Thompson, both of Arnstein & Lehr, LLP, of Chicago, and Roger C. Bolin, of Boyle & Bolin, of Hennepin, for appellant Marquis Energy, LLC. |
| | James A. Mack, State's Attorney, of Hennepin, for appellant Putnam County. |
| | John M. Redlingshafer, of Heyl, Royster, Voelker & Allen, of Peoria, for appellant Daniel Kuhn. |
| | Michael R. Stiff, of Spesia & Ayers, of Joliet, for appellant Kevin Kunkel. |
| | Walter Zukowski (argued), of Peru, for appellees. |
| Panel | PRESIDING JUSTICE LYTTON delivered the judgment of the court, with opinion. Justices Carter and Holdridge concurred in the judgment and opinion. |

**OPINION**

¶ 1     From 2009 to 2011, defendant Kevin Kunkel, as Putnam County treasurer and collector, abated taxes for an ethanol facility owed by Marquis Energy, LLC. Plaintiffs filed a complaint against Kunkel, Marquis Energy, and Putnam County, seeking equitable and declaratory relief. Marquis Energy filed a motion to dismiss, arguing that the court lacked jurisdiction. The trial court denied the motion but certified the following question for interlocutory appeal:

> "Does the circuit court have general equitable jurisdiction to determine whether an intended abatement of taxes with[in] an Illinois Enterprise Zone has been properly applied to extend and collect property taxes, notwithstanding that resolution thereof may result in detriment to a taxpayer who would, in turn, have the right to protest the taxation of that taxpayer's property only under the exclusive jurisdiction of Article 23 of the Property Tax Code?"

We answer "yes" to the certified question and remand the cause for further proceedings.

¶ 2     In June 1987, the cities of Princeton and Spring Valley, the Villages of Ladd, Hennepin, Mark and Granville, and the counties of Bureau and Putnam were awarded an enterprise zone, known as the Bureau/Putnam Area Enterprise Zone (Enterprise Zone), pursuant to the Illinois

Enterprise Zone Act (Ill. Rev. Stat. 1985, ch. 67½, ¶ 601 *et seq.*). On June 28, 2006, Illinois Valley Community College District No. 513 (College District) approved a resolution extending the termination date of the Enterprise Zone to July 1, 2017. The resolution authorized and directed the county clerks of Bureau and Putnam Counties to abate taxes imposed on property located in the College District and within the Enterprise Zone upon which new improvements are constructed or upon which existing improvements are renovated or rehabilitated. The resolution also provided:

> "Such abatement shall continue and be in full force and effect as set forth in this Resolution for any improvements that result in an increase in square footage which occur after July 1, 2007. No tax abatement will be given to improvements which occurred prior to July 1, 2007 even if such improvements are receiving tax abatements from other taxing bodies through the Enterprise Zone."

¶ 3 In September 2006, Marquis Energy began constructing a new ethanol facility within the Enterprise Zone in Hennepin, Putnam County. The construction was complete in April 2008. From 2009 to 2011, Kunkel abated Marquis Energy's taxes for the facility.

¶ 4 Plaintiffs, the board of trustees of the College District and the counties of Bureau, De Kalb, Grundy, La Salle, Lee, Livingston, Marshall and Putnam, filed a claim for equitable relief against Putnam County, Kunkel and Marquis Energy, objecting to the abatement of Marquis Energy's taxes. The complaint sought a writ of *mandamus* requiring Kunkel to stop abating Marquis Energy's taxes and to recalculate and reissue tax bills to Marquis Energy for the years 2009, 2010 and 2011. The complaint also sought a declaration that "the Marquis ethanol facility is not subject to tax abatement pursuant to Plaintiff's Resolution dated June 28, 2006."

¶ 5 Marquis Energy filed a motion to dismiss, arguing that the trial court did not have jurisdiction to rule on plaintiffs' complaint. The trial court denied the motion, and Marquis Energy asked the court to certify a question for interlocutory appeal. The trial court granted Marquis Energy's request and certified the following question for interlocutory appeal:

> "Does the circuit court have general equitable jurisdiction to determine whether an intended abatement of taxes with[in] an Illinois Enterprise Zone has been properly applied to extend and collect property taxes, notwithstanding that resolution thereof may result in detriment to a taxpayer who would, in turn, have the right to protest the taxation of that taxpayer's property only under the exclusive jurisdiction of Article 23 of the Property Tax Code?"

Marquis Energy filed an application for interlocutory appeal pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010), which we granted.

¶ 6 Pursuant to Supreme Court Rule 308, we are limited to answering the specified certified question. *In re Marriage of Murugesh*, 2013 IL App (3d) 110228, ¶ 16. Our review of the certified question is *de novo*. *Id.*

¶ 7 In the field of taxation, the general rule applies that equity will not assume jurisdiction to grant relief where an adequate remedy at law exists. *Givot v. Orr*, 321 Ill. App. 3d 78, 85 (2001). Where the tax objection procedure provides the taxpayer with an adequate remedy at law, the taxpayer may not seek equitable relief. *Id.*

¶ 8 Defendants contend that the tax objection procedure set forth in the Property Tax Code (Code) (35 ILCS 200/23-5 to 23-45 (West 2012)) provides plaintiffs with an adequate remedy

at law and precludes the trial court from exercising equitable jurisdiction over plaintiffs' complaint. Resolution of this question requires us to review and interpret the Code.

¶ 9 The primary objective of statutory interpretation is to ascertain and give effect to the intent of the legislature. *County of Du Page v. Illinois Labor Relations Board*, 231 Ill. 2d 593, 603-04 (2008). The most reliable indicator of such intent is the language of the statute, which is to be given its plain and ordinary meaning. *Id*. at 604. In construing a statute, a court must not focus exclusively on a single sentence or phrase, but must view the statute as a whole. *Standard Mutual Insurance Co. v. Lay*, 2013 IL 114617, ¶ 26. The court may consider the reason for the law, the problems sought to be remedied, and the purposes to be achieved. *Id*.

¶ 10 Article 23 of the Code governs tax objections. 35 ILCS 200/23-5 to 23-45 (West 2012). Section 23-5 of the Code sets forth who may file a tax objection and states: "[I]f any person desires to object to all or any part of a property tax for any year, for any reason other than that the property is exempt from taxation, he or she shall pay all of the tax due within 60 days from the first penalty date of the final installment of taxes for that year." 35 ILCS 200/23-5 (West 2012). The Code defines "person" as "Male, female, corporation, company, firm, society, singular or plural number." 35 ILCS 200/1-125 (West 2012).

¶ 11 The usual and preferred vehicle through which judicial relief from improper, erroneous or otherwise excessive assessments is sought and gained is through a tax objection. *Hulse v. Kirk*, 28 Ill. App. 3d 839, 841-42 (1975). "The tax objection procedure allows an individual to pay his taxes under protest and then file an objection with the collector's office seeking a refund." *Rodgers v. Whitley*, 282 Ill. App. 3d 741, 748 (1996). It is "a refund procedure available for individual property owners who feel that they have been overtaxed." *Id*.

¶ 12 The purpose of the tax objection procedure is "to protect the rights of the taxpayer while also ensuring that the functioning of government is not impaired by protracted delays in the collection of taxes necessary for the operation of governmental units." *Sullivan v. Board of Commissioners of Oak Lawn Park District*, 318 Ill. App. 3d 1067, 1074-75 (2001); see also *People ex rel. Voorhees v. Chicago, Burlington & Quincy R.R. Co.*, 386 Ill. 200, 202-03 (1944) (objectives of statutory procedure are "to facilitate the collection of taxes and to protect the taxpayer").

¶ 13 The underassessment of property not owned by the objector is cognizable in a tax objection case. *Schlenz v. Castle*, 115 Ill. 2d 135, 142 (1986). However, the only "relief available is a refund of the amount that the objecting taxpayer would not have paid had the other property been correctly assessed." *Id*. The tax objection procedure does not provide a remedy to plaintiffs who feel that another's property is being undertaxed and are seeking an increase in taxes on that property, rather than a decrease of their own taxes. See *Rodgers*, 282 Ill. App. 3d at 748. Plaintiffs seeking an increase in taxes are entitled to file an action for declaratory and injunctive relief. *Id*.

¶ 14 Here, plaintiffs seek a ruling that Kunkel, as the treasurer and collector of Putnam County, improperly abated Marquis Energy's taxes for several years. Such an action does not fall within the plain language of the Code. Section 23-5 provides that tax objections can be made to "all or any part of a property tax for any year." 35 ILCS 200/23-5 (West 2012). The section further requires that the objector "pay all of the tax due." *Id*. This language implies that some tax has been imposed. In this case, plaintiffs are objecting to the abatement of a tax, that is, the absence of a tax. They are not objecting to "all or any part of a property tax." See *id*. Their action falls outside the plain language of the Code.

¶ 15    Moreover, the Code's tax objection procedure does not provide plaintiffs the relief they are seeking. The only remedy available in a tax objection case is a refund of taxes paid by the objector. See 35 ILCS 200/23-20 (West 2012). The intent of the statute is to facilitate the collection of taxes and protect taxpayers from overtaxation. See *Chicago, Burlington & Quincy R.R. Co.*, 386 Ill. at 202-03; *Sullivan*, 318 Ill. App. 3d at 1074-75. Here, plaintiffs do not seek a refund of taxes paid; rather, they seek to have another property owner's taxes increased. The Code does not provide such a remedy. Thus, plaintiffs are not barred from seeking equitable relief, and the trial court properly had equitable jurisdiction over plaintiffs' complaint. See *Rodgers*, 282 Ill. App. 3d at 748.

¶ 16    We answer the certified question "yes" and remand for further proceedings.

¶ 17    Certified question answered; cause remanded.